## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF MARQUETTE | § | |
| TRANSPORTATION COMPANY | § | |
| GULF-INLAND, LLC, as operator and | § | |
| owner of the towing vessel SAINTE | § | CIVIL ACTION NO. H-12-0623 |
| MARIE, FOR EXONERATION FROM | § | |
| OR LIMITATION OF LIABILITY | § | |

## MEMORANDUM AND ORDER

In this limitation-of-liability proceeding, the sole claimant, Merritt Latino, moves to transfer from the Houston Division to the Corpus Christi Division of the United States District Court for the Southern District of Texas.  (Docket Entry No. 7).  He argues that his injury occurred in Corpus Christi and that there is no relationship between his claims, the parties, and the Houston Division. The limitation plaintiff, Marquette Transportation Company Gulf-Inland, LLC, is opposed.  It concedes that the Corpus Christi Division is a proper forum, but argues that its choice of forum is entitled to deference and that Corpus Christi is not so much more convenient for the parties or the witnesses as to overcome that choice.  (*See* Docket Entry No. 8).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"  28 U.S.C. § 1404(a); *see also id.* § 1404(b) ("Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.")  A district court has "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (internal quotation marks

omitted); *see also Sundell v. Cisco Systems Inc.*, 111 F.3d 892 (table), 1997 WL 156824, at *1 (5th

Cir. Mar. 20, 1997) (per curiam) ("Under 28 U.S.C. § 1404(b), the district court has broad discretion

in deciding whether to transfer a civil action from a division in which it is pending to any other

division in the same district."). The party seeking transfer must show that "the transferee venue is

clearly more convenient[.]" *Id.* at 315. To determine "whether a § 1404(a) venue transfer is for the

convenience of parties and witnesses and in the interest of justice," a district court must consider the

private- and public-interest factors. *Id.*

> The private interest factors are: (1) the relative ease of access to
> sources of proof; (2) the availability of compulsory process to secure
> the attendance of witnesses; (3) the cost of attendance for willing
> witnesses; and (4) all other practical problems that make trial of a
> case easy, expeditious and inexpensive. The public interest factors
> are: (1) the administrative difficulties flowing from court congestion;
> (2) the local interest in having localized interests decided at home; (3)
> the familiarity of the forum with the law that will govern the case;
> and (4) the avoidance of unnecessary problems of conflict of laws or
> in the application of foreign law.

*Id.* (internal quotation marks, citations, and alterations omitted). These factors are "not necessarily

exhaustive or exclusive" and "none can be said to be of dispositive weight." *Id.* (internal quotation

marks and alterations omitted).[1]

The record shows that the private-interest factors slightly favor transfer. The first factor—the

relative ease of access to sources of proof—weighs in favor of transfer. The events leading to this

---

[1] There is disagreement about whether the § 1404(a) factors apply to intradistrict-transfer motions. *Compare, e.g., Williams v. City of Cleveland*, — F. Supp. 2d —, 2012 WL 245228, at *6–7 (N.D. Miss. 2012) (explaining why the § 1404(a) factors do not fit in the context of such motions), *with Choice Hotels Int'l, Inc. v. J. Bhagwanji, Inc.*, Civ. A. No.4:11-cv-03768, 2011 WL 6959948, at *1 & n.14 (S.D. Tex. Dec. 30, 2011) (applying the "traditional" § 1404(a) factors for such a motion). Although some of the § 1404(a) factors may not apply in the context of an intradistrict transfer, the Fifth Circuit has not indicated that a different standard applies. *See also, e.g., Llizo v. City of Topeka*, — F. Supp. 2d —, 2012 WL 171337, at *1–2 (D. Kan. 2012) (applying traditional factors to intradistrict-transfer motion); *Tucker v. Am. Int'l Grp., Inc.*, 728 F. Supp. 2d 114, 125–26 (D. Conn. 2010) (same).

action occurred offshore of Corpus Christi. *See id.* at 316 (holding that this factor favors transfer when the accident occurred in the transferee forum). The second and third factors either slightly favor transfer or are neutral. The captain of the vessel on which Latino was injured resides in Corpus Christi. So does the physician that immediately, albeit briefly, treated Latino after his injury. Latino's current treating physician resides in Houston. All of the other witnesses, however, live outside Houston. The fourth factor also slightly favors transfer: the Houston Division has a more congested docket. Additionally, the parties will suffer no delay from the intradistrict transfer. This case is in an early stage. No hearings have been held and the parties have exchanged no formal discovery.

The public-interest factors more strongly favor transfer. The first factor—administrative difficulties flowing from court congestion—weighs in favor of transfer. "The Houston Division is an exceedingly busy division. It is not a prudent use of judicial resources for this Court to resolve a dispute that has no connection to this forum." *Choice Hotels*, 2011 WL 6959948, at *3. The second factor—the local interest in having localized disputes decided locally—weighs most heavily in favor of transfer. The facts giving rise to this dispute occurred offshore near Corpus Christi. Corpus Christi has an interest in having this action resolved in Corpus Christi. *See id.* The third factor is neutral. A federal court in Corpus Christi is just as familiar with the governing law in this case as this court. The fourth factor, conflict of laws, is inapplicable.

Marquette Transportation argues that this court should give deference to its forum choice. (Docket Entry No. 8, at 2). "[W]hen a plaintiff is not a resident of the chosen forum, or when the operative facts did not occur in the chosen forum, a court gives less deference to a plaintiff's choice." *Rimkus Consulting Grp., Inc. v. Balentine*, 693 F. Supp. 2d 681, 690–91 (S.D. Tex. 2010) (collecting

cases).  Although Marquette Transportation may have "business facilities" in Houston, (Docket Entry No. 8, at 2), it is a Delaware corporation with its principal place of business in Louisiana, (Docket Entry No. 1, ¶ 2).   The operative facts—the circumstances leading to Latino's injury—occurred in the Corpus Christi Division.

In sum, this dispute has no meaningful connection to the Houston Division.  It does have a connection to the Corpus Christi Division. *See RLI Ins. Co. v. Hunter*, Civ. A. No. H-07-0690, 2007 WL 1795714, at *1 (S.D. Tex. June 19, 2007); *King v. Sunstone Hotel Investors, Inc.*, Civ. A. No. G-06-CV-592, 2007 WL 863778, at *2 (S.D. Tex. Mar. 19, 2007).  Based on the relevant § 1404(a) factors, the Corpus Christi Division is more convenient.

Latino's motion to transfer, (Docket Entry No. 7), is granted.  This action is transferred to the Corpus Christi Division of the United States District Court for the Southern District of Texas.

SIGNED on June 21, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge